STREETER v. HEILMAN

Ohio Appeals, 6th Dist., Sandusky Co.

No. 182. Decided May 13, 1927

841. NEW TRIAL—Where alleged newly discovered evidence, if offered and received in eviednce, would not have required or resulted in a different verdict, there was no error or abuse of discretion of the court by overruling a motion for a new trial on this ground.

First Publication of this Opinion

LLOYD, J.

Ceylon Heilman instituted an action against Hazel Streeter in the Sandusky Common Pleas seeking to recover damages of the defndant for the alleged alienation by defendant of the affections of Lester Heilman from his wife, Ceylon Heilman. Judgment was entered in favor of Heilman upon a verdict of $2500.

Error was prosecuted and Streeter claimed that the verdict was against the weight of the evidence and that the trial court erred in failing o grant her motion for a new trial on the ground of newly discovered evidence. The Court of Appeals held:

1. In the affidavit, filed in support of the motion, Streeter states that on March 17, 1915 plaintiff commenced an action for divorce against her husband, alleging that he was guilty of extreme cruelty; that her counsel had made a diligent search of the court records, but had been unable, prior to the trial of the instant case, to find any record of such divorce action by plaintiff.

2. Streeter also stated in her affidavit that Heilman committed perjury in that her testimony was in direct conflict with statements made in her petition for divorce, in that she denied that herself and husband had at any time separated, that they had quarrels of a serious nature and that she had sued him for divorce.

3. An examination of the evidence discloses that Mrs. Heilman was not asked any question concerning the divorce proceeding, or any direct question as to the specific conduct of her husband as alleged in her divorce petition, but that she did not deny, and most positively admitted that her husband and herself had frequently quarrelled.

4. There is no statement in her petition for divorce that Mr. Heilman and herself had at any time or were then separated.

5. The verdict of the jury is not against the weight of the evidence and the alleged newly discovered evidence, if offered and received evidence would not have required or resulted in a different verdict.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—H. C. DeRan for Streeter; Culbert & Culbert, for Heilman; all of Fremont.